## In re DEVELOPMENT, INC., Debtor.

### Bankruptcy No. 83–00345.

United States Bankruptcy Court,
D. Hawaii.

March 5, 1984.

Christopher L. Lau, Don Gelber, Honolulu, Hawaii, Atty. for creditor, Pacific Loan.

Patrick Y. Taomae, Honolulu, Hawaii, Atty. for creditor, Commercial Finance.

Jerrold K. Guben, Honolulu, Hawaii, Atty. for debtor.

ORDER RE: MOTION TO AMEND "OR-DER RE 'MOTION FOR ORDER GRANTING RELIEF FROM AUTO-MATIC STAY,'" FILED ON JANU-ARY 27, 1984

JON J. CHINEN, Bankruptcy Judge.

On August 17, 1983, Commercial Finance, Limited, (hereafter "Commercial Finance") filed herein a Motion for Order Granting Relief from Automatic Stay (hereafter "Motion for Relief"), therein seeking relief pursuant to 11 U.S.C. § 362(d) from the automatic stay under 11 U.S.C. § 362(a) to allow the continuation of that certain fore-closure action pending in the Circuit Court of the First Circuit of the State of Hawaii (hereafter "Circuit Court"), the same being designated as *Commercial Finance, Limited vs. Norfolk Investment Co., Ltd., et al.,* Civil No. 71594 (hereafter "Civil No. 71594"), including, but not limited to, the foreclosure sale of that certain real proper-ty identified by Tax Map Key (1) 2–9–24–01 and located on Waahila Ridge, Manoa Val-ley, City and County of Honolulu, State of Hawaii (hereafter "Property").

Following several days of hearing, on January 27, 1984, this Court entered an Order Re: Motion for Order Granting Re-lief from Automatic Stay (hereafter "Or-der"), pursuant to which the automatic stay was terminated, vacated, lifted, and other-wise modified to allow the continuation of Civil No. 71594 against Development, Inc., Debtor above-named, and its interest in the Property, including, but not limited to, the foreclosure sale of the Property.

On February 6, 1984, Pacific Loan, Inc., (hereafter "Pacific Loan"), filed herein a Motion To Amend pursuant to Bankruptcy Rule 9023 and Rule 59(e) of the Federal Rules of Civil Procedure, moving this Court to amend the Order to:

1. Modify the automatic stay in order to permit Pacific Loan to foreclose on its Mortgage and Security Agreement (Assign-ment of Purchaser's Interest Under Agree-ment of Sale) (hereafter collectively "Lien") on the Property and appurtenant cluster development permit (hereafter "Cluster Permit");

2. Allow the sale of the Property and Cluster Permit together; and

3. Provide that Pacific Loan is entitled to and should be paid in Civil No. 71594 the proportionate value of the Cluster Permit, to wit: one-third (⅓) of the value of the Property and Cluster Permit together.

Commercial Finance has filed a memo-randum in opposition to Pacific Loan's mo-tion.

A careful review of the files and the memoranda herein shows that, at the hear-ing on Commercial Finance's Motion for Relief, no evidence nor argument was presented concerning the ownership of the Cluster Permit. Commercial Finance, Pa-cific Loan and Debtor, all claiming owner-ship of the Cluster Permit, agreed that the matter of its ownership would be deter-mined at a subsequent hearing. Since there was no determination of the ownership of the Cluster Permit, it is premature at this time for Pacific Loan to request modifica-tion of the order lifting the automatic stay to permit Pacific Loan to foreclose on the Cluster Permit.

Since Commercial Finance is foreclosing on Debtor's real property on Waahila Ridge in the State Circuit Court, it would be more appropriate for the Circuit Court to con-sider and decide the issues of (a) whether the Cluster Permit is covered by Commer-cial Finance's Mortgage and/or Pacific Loan's Lien, (b) whether the Property and Cluster Permit should be sold together, and (c) whether the proceeds derived from the foreclosure sale thereof should be allocated as between Commercial Finance and Pacific Loan.

Further, this Court's ruling concerning the value of the Cluster Permit was an estimate based upon the evidence presented at the hearing. The best evidence, how-ever, of the value of a parcel of land with and without a Cluster Permit is the sale itself. Thus, this Court leaves to the State Circuit Court to determine the method of selling Debtor's real property and to deter-

mine such value with and without the Cluster Permit.

Based on the foregoing, the Court denies Pacific Loan's Motion to Amend "Order Re: 'Motion for Order Granting Relief from Automatic Stay.'"